WALBRIDGE and others

*v.*

ENGLISH and others.

Where a tenant in common of the equity of redemption has not been made a party to foreclosure proceedings, her subsequent written consent to be made and treated as a party and to execute a release of her interest to the purchaser under the foreclosure, is not equivalent to being actually a party and, as such, included in the decree.

On appeal from an order of the vice-chancellor.

*Mr. A. S. Jackson,* for appellants.

*Mr. A. T. McGill,* for respondents.

DODD, J.

The mortgaged premises in this foreclosure suit are two tracts of land in the county of Hudson. While advertised for sale by the sheriff, a petition was filed by Daniel E. Donovan, one of the defendants, setting forth defects in the proceedings, and asking that the enrolment might be vacated, the interlocutory and final decrees opened, and, together with the execution, set aside.

At the commencement of the suit, the title to one of the tracts was in Ann English, and this tract, when the petition was filed, had been sold by the sheriff under the foreclosure of a prior mortgage, and had been bought in by Donovan. The title to the second tract, at the commencement of the suit, was in Donovan and one Elizabeth Sweeny, as tenants in common. Neither Ann English, the owner of the first tract, nor Elizabeth Sweeny, the part owner of the second tract, had been made a party to the bill, nor had the equity of redemption of either of them been directed by the final decree to be sold.

Under the petition and proofs establishing these facts, the vice-chancellor made an order directing the enrolment to be vacated, the decrees opened and set aside, and the *fieri facias* returned unexecuted; also, that the proceedings be amended by making Elizabeth Sweeny a defendant, bringing her into court, and regularly foreclosing her interest in the premises. The first tract having already been sold and exonerated from the mortgage in this suit, no adjudication respecting that tract was needed. This order was made on the 21st of April, 1876, and, as the case then stood, was too plainly correct to be seriously disputed. The present appeal is from a later order of the vice-chancellor, made on the 15th of the following May, by which the previous order was revoked, and the sheriff left free to make sale of the second tract, of which Donovan and Sweeny were the owners in common.

The revoking order was on the ground that the complainants in the suit had filed a consent, executed by Elizabeth Sweeny, reciting that she desired to be made a party to the foreclosure, and that she consented that the bill, process, and all subsequent proceedings, and the final decree, should be amended so as to include her as a party, and that she be as completely barred as if she had been originally a defendant, and further agreeing that if the sheriff should sell she would quitclaim to the purchaser.

Upon the argument of the appeal, it was urged, on behalf of the appellant, that the utmost effect which could be given to the consent, on which the order of revocation was rested, would warrant nothing more than an amendment of the proceedings and of the execution, and could not warrant a sale until after such amendment had been regularly made; that, under the execution as it stood, a sale would carry only the half interest of Donovan, and not that of Elizabeth Sweeny; that a purchaser would be exposed to the hazard of a refusal on her part to carry out her agreement to execute a release; that a suit would be necessary to enforce it; that defences to the agreement, which the complainants had procured

from her, might be set up to defeat it; and that under such a condition of things bidders would be repelled, and the interests of Donovan, the half-owner, whose estate had been foreclosed, would be wrongfully impaired. No satisfactory answers to these obvious objections were made by the appellee, and it is not perceived that any can be given.

It is the declared aim of courts of equity to do complete justice by deciding upon and settling the rights of all persons interested in the subject of the suit, to the end that the performance of the order may be perfectly safe to those who are compelled to obey it, and that future litigation may be prevented. In the present order the error lies in assuming that the consent to be made and treated as a party, and to execute a release, was equivalent to being actually a party, and as such included in the decree. The important difference between the two situations is, that in the one, Elizabeth Sweeny would be bound by the decree, and in the other she would not.

No judicial ruling on the point was referred to at the argument. In *Kelly* v. *Israel*, 11 *Paige* 147, Chancellor Walworth suggested, upon the argument, that the assignee of an interest in the mortgaged premises had not been a party so as clearly to bar his equity of redemption or give the purchasers under the decrees a good title as against him. His counsel thereupon procured from him a written stipulation, which was filed, consenting to be bound by the decree in the same manner as if he had been made a defendant in the suit, but it was held by the chancellor that the mere consent of a party not affected by the decree, to come in and be bound by such decree, was insufficient.

The order appealed from is erroneous, and should be reversed, with costs.

*Order unanimously reversed.*